Tyler M. Paetkau (Bar No. 146305)
tyler.paetkau@huschblackwell.com
Kathy Huynh (Bar No. 233314)
kathy.huynh@huschblackwell.com
HUSCH BLACKWELL LLP
1999 Harrison St., Suite 1300
Oakland, CA 94612
Telephone:    510.768.0650
Facsimile:    510.768.0651

Attorneys for Plaintiffs
JUAN GARCIA, individually and on behalf of
all others similarly situated

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, individually and on behalf of all others similarly situated, | CASE NO.: |
| | CLASS ACTION COMPLAINT |
| Plaintiffs, | [29 U.S.C. §§ 1132(A)(2) and (3), and §§ 1001, *et seq*.] |
| v. | |
| JAY BRADSHAW, DANIEL GREGG, EDDY LUNA, JACOB ADIARTE, SEAN HEBARD, DANIEL NUNCIO, EDWARD GABLE, ROBERT ALTEN, NANCY BRINKERHOFF, DON DOLLY, RANDY JENCO, MIKE MENCARINI, SCOTT SMITH, AND KATHRYN CAHILL THOMPSON, CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA, CARPENTERS | |

HB: 4866-1473-6829.2

1
2
3
4
5
6
7
8
9

PENSION TRUST FUND FOR
NORTHERN CALIFORNIA,
CARPENTERS ANNUITY TRUST
FUND FOR NORTHERN
CALIFORNIA, NORTHERN
CALIFORNIA CARPENTERS 401(K)
TRUST FUND, CARPENTERS
VACATION, HOLIDAY AND SICK
LEAVE TRUST FUND FOR
NORTHERN CALIFORNIA,

Defendants.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

HB: 4866-1473-6829.2

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

## CLASS ACTION COMPLAINT

Plaintiff Juan Garcia, by his attorneys, Husch Blackwell LLP, individually and as the representative of a proposed class of participants and beneficiaries ("Garcia," and collectively "Class Members"), brings this Class Action Complaint under 29 U.S.C. § 1132(a)(2) and (3) against Jay Bradshaw, Daniel Gregg, Eddy Luna, Jacob Adiarte, Sean Hebard, Daniel Nuncio, Edward Gable, Robert Alten, Nancy Brinkerhoff, Don Dolly, Randy Jenco, Mike Mencarini, Scott Smith, Kathryn Cahill Thompson (jointly, "Individual Defendants"), and Carpenters Health and Welfare Trust Fund for California ("Health Care Plan"), Carpenters Pension Trust Fund for Northern California ("Pension Plan"), Carpenters Annuity Trust Fund for Northern California ("Annuity Plan"), Northern California Carpenters 401(k) Trust Fund ("401(k) Plan"), Carpenters Vacation, Holiday and Sick Leave Trust Fund for Northern California ("Vacation, Holiday, Sick Leave Plan"), (collectively the "Plans"), and states as follows:

## THE PARTIES

1.    Juan Garcia ("Garcia" or "Plaintiff"), a resident of Tracy, California, brings this Class Action Complaint individually and as a representative of the proposed Class ("Class Members"), described herein under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), against the Plans (the Health Care Plan; the Pension Plan; the Annuity Plan; the 401(k) Plan; and the Vacation, Holiday and Sick Leave Plan) and its fiduciaries – the Individual Defendants.

2.    To date, Defendants have continued to fail and refuse to accept AFI's contributions to the Plans on behalf of Plaintiff and the Class Members, who continue to work under the CBAs.

3.    On or around August 2023, the Individual Defendants, through the Union, informed Garcia and the Class Members that they were losing critical, employer-paid health insurance coverage under the Health Care Plan.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

4.    The loss of the critical, employer-paid health insurance coverage under the Health Care Plan is because of fiduciary duty breaches by the Individual Defendants.

5.    Defendant Jay Bradshaw is a business representative of the Union and a trustee of the Health Care Plan.

6.    Defendant Daniel Gregg is a business representative of the Union and a trustee of the Health Care Plan.

7.    Defendant Eddy Luna is a business representative of the Union and a trustee of the Health Care Plan.

8.    Defendant Jacob Adiarte is a business representative of the Union and a trustee of the Health Care Plan.

9.    Defendant Sean Hebard is a business representative of the Union and a trustee of the Health Care Plan.

10.    Defendant Daniel Nuncio is a business representative of the Union and a trustee of the Health Care Plan.

11.    Defendant Edward Gable is a business representative of the Union and a trustee of the Health Care Plan.

12.    Defendant Robert Alten is a trustee of the Health Care Plan.

13.    Defendant Nancy Brinkerhoff is a trustee of the Health Care Plan.

14.    Defendant Don Dolly is a trustee of the Health Care Plan.

15.    Defendant Randy Jenco is a trustee of the Health Care Plan.

16.    Defendant Mike Mencarini is a trustee of the Health Care Plan.

17.    Defendant Scott Smith is a trustee of the Health Care Plan.

18.    Defendant Kathryn Cahill Thompson is a trustee of the Health Care Plan.

19.    Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, regularly transact Union business in the Northern District of California.

20.    Defendant Health Care Plan was established pursuant to the Taft Hartley Act, 29 U.S.C. section 186, and the Employees Retirement Income Security Act, 29 U.S.C. sections 1001 *et seq*., and is domiciled in Oakland, California.

**JURISDICTION AND VENUE**

21.    This is a complaint for declaratory judgment filed under 28 U.SC. section 2201(a) and Plaintiffs seek injunctive relief.

22.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. section 1132(a)(3) without respect to the amount in controversy.

23.    Venue is proper in this Court pursuant to 29 U.S.C. section 1132(e)(2), which provides jurisdiction in any district court where the plan is administered, where the fiduciary breach took place, or where a defendant resides or may be found.

24.    Plaintiffs may sue the Plans pursuant to 29 U.S.C. section 1132(d)(1).

25.    Plaintiff Garcia is seeking to recover coverage due to him under the terms of the Plans, to enforce his rights under the terms of the Plans, and to clarify his rights to future coverage under the terms of the Plans.

**GENERAL ALLEGATIONS**

26.    Garcia is employed by Accurate Firestop, Inc. ("AFI") as an insulator carpenter and is represented by the Carpenters 46 Northern California Counties Conference Board (the "Union").

27.    Garcia is a Participant in the Health Care Plan, Pension Plan, Annuity Plan, "401(k) Plan, and Vacation, Holiday, Sick Leave Plan.

28.    AFI is a firestop and insulation contractor which has had a series of contracts with the Carpenters Union, the last one expiring on June 30, 2023.

29.    The Carpenters Union acts as the collective bargaining representative in the negotiation and administration of collective bargaining agreements and fringe benefit issues in connection with carpenters in the bargaining unit.  The Carpenters Union represents Garcia and all of the carpenters in the bargaining unit, all of whom perform work within the jurisdiction of the Union.   Plaintiff and the carpenter

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

3

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

employees are continuing to perform work described in the expired CBA and continue to perform work within the jurisdiction of the Union.

30.    The Agreements and Declarations of Trust establishing each of the Plans are separate documents from the expired CBA.  The Agreements and Declarations of Trust establishing each of the Plans are currently in full force and effect.  The Agreements and Declarations of Trust establishing the Plans are unaffected by the CBA's expiration.

31.    AFI has agreed to be bound by and comply with each Trust Agreement and any amendments thereto, all related agreements, rules, regulations and reporting forms and other requirements lawfully established by the trustees of each Plan, not in conflict with the terms of the expired CBA, including without limitation the Plans' policy and payment of employee contributions, and AFI has fully performed all obligations required of it under these instruments and policies.

32.    AFI is subject to a Section 9(a) Collective Bargaining Agreement ("CBA") with Carpenters 46 Northern California Counties Conference, which expired on June 30, 2023.

33.    Carpenters Union is refusing to negotiate a successor CBA with AFI and has unlawfully instructed Garcia and other carpenters employed by AFI not to work for AFI, and to resign their employment with AFI to accept employment with other contractors who have existing CBAs with Carpenters 46 Northern California Counties Conference.

**THE HEALTH CARE PLAN**

34.    On or about September 1, 2022, Defendants, and each of them, revised the current Carpenters Union Health Care Plan Agreement and Rules and Regulations.

35.    The status of being a Contributing Employer under the Health Care Plan is not conditioned on being signatory to a non-expired collective bargaining agreement.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

36.     Under Section 1.12 of the Health Care Plan, a "Contributing Employer" includes "any employer who is required by any of the collective bargaining agreements, memorandums of understanding, or Subscriber's Agreements to make contributions to the Fund, and who does in fact make one or more contributions to the Fund."  "Contributing Employer" also includes "any Local Union or Regional Council, any labor council or other labor organizations with which a Local Union or Regional Council is affiliated, and any corporation, trust or other entity which provides services to the Fund or in the enforcement or administration of contracts requiring contributions to the Fund, or in the training of apprentice or journeyman carpenters, which makes contributions to the Fund with respect to the work of its Participants pursuant to a Subscriber's Agreement and approved by the Board of Trustees, provided the inclusion of any Local Union, Regional Council, labor council, other labor organization, corporation, trust or other entity as a Contributing Employer is not a violation of any existing law or regulation."  Section 1.12 of the Health Care Plan states: "Any Local Union, Regional Council, labor council, other labor organization, corporation, trust or other entity is a Contributing Employer solely for the purpose of making contributions with respect to the work of its respective Participants and has no other rights or privileges under the Trust Agreement as a Contributing Employer."

37.     AFI has been and is a "Contributing Employer" to the Health Care Plan.

38.     Under Section 1.52 of the Health Care Plan, "Participant" means "an Employee who meets eligibility rules set forth" under the terms of the Plan.

39.     Garcia is a Participant in the Health Care Plan.

40.     AFI employs other Participants in the Health Care Plan, all of whom are Class Members.

41.     Under Section 40 of the Carpenters Master Agreement for Northern California, "Each individual employer covered by this Agreement shall contribute to

the Carpenters Health and Welfare Trust Fund for California …for the purpose of providing Health and Welfare benefits for such employees."

42.    Under Section 40 of the Carpenters Master Agreement for Northern California, "Such contributing individual employer agrees to be bound by that certain Trust Agreement establishing the Fund dated March 4, 1953, as such has been or may from time to time be amended or supplemented."

43.    AFI is bound by and must comply with any policy and/or procedure adopted by the Health Care Plan Trustees regarding the enforcement and collection of contributions, in addition to all other contractual and legal remedies available to the Health Care Plan Trustees.

## BREACHES OF FIDUCIARY DUTIES

44.    The duty of loyalty requires fiduciaries to act with an "eye single" to the interests of the Plan Participants.

45.    Fiduciaries must display complete loyalty to the interests of the Plan Participants and must exclude all selfish interest and all consideration of the interests of third persons.

46.    An ERISA "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1).

47.    An ERISA "fiduciary shall discharge his duties with respect to a plan … (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1).

48.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, are obligated to discharge their duties with respect to the Plans

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

CLASS ACTION COMPLAINT

solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries under the Plans.

49.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, are obligated to discharge their duties on behalf of the Plans with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

50.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, are obligated to discharge their duties on behalf of the Plans in accordance with the documents and instruments governing the Plans insofar as such documents and instruments are consistent with the provisions of ERISA.

51.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, are not allowed to act in the interests of the Union on Plan matters.

52.    Garcia and the carpenters working in the jurisdiction of Carpenters Union and performing work described in the expired CBAs are Participants in the Plans.

53.    Section 515 of ERISA requires, **"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan** or under the terms of a collectively bargained agreement **shall, to the extent not inconsistent with law, make such contributions** in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. 1145 (emphasis added).

54.    AFI has timely made contributions to the Plans, including the Health Care Plan, before and after June 30, 2023.

55.    The Plans, including the Health Care Plan refuses to accept and credit AFI's fringe benefit contributions as required by Section 515 of ERISA.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

56.    Section 47 of the CBA specifies that the Agreement and contribution obligations continue after the termination date of the Agreement unless and until a lawful impasse occurs or until a successor CBA is negotiated.

57.    At all relevant times prior to and after June 30, 2023, Plaintiff has been employed by the same employer.

58.    At all relevant times prior to and after June 30, 2023, many, if not most, of the Participants have been employed by the same respective employers.

59.    At all relevant times prior to and after June 30, 2023, Plaintiff has been employed in a category of employment for which other Employers make Contributions to the Plans.

60.    At all relevant times prior to and after June 30, 2023, the employees employed by AFI have been employed in a category of employment for which Employers make Contributions to the Plans.

61.    The Health Care Plan refuses to accept and credit all contributions tendered by AFI on behalf of Plaintiff and the Participants for periods after October 31, 2023.  After October 31, 2023, the Health Care Plan only accepted contributions tendered by AFI on behalf of Plaintiff and the Participants for work performed under a PLA.

62.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their fiduciary duties under 29 U.S.C. § 1104(a)(1)(A) to discharge their duties solely in the interest of participants and beneficiaries each time they caused any or all of the refusal to accept AFI's contributions.

63.    As fiduciaries, Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their fiduciary duties under 29 U.S.C. § 1104(a)(1)(B) to manage the Plans' assets in a prudent manner each time they caused any or all of the refusal to accept AFI's contributions.

1      64.    As a result of Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard,

2  Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson's

3  violations of 29 U.S.C. § 1104(a)(1)(A), Garcia and the Participants suffered losses

4  plus interest and/or opportunity costs.

5                  **THE LOSS OF INSURANCE BY PLAINTIFF,**

6              <u>**THE PARTICIPANTS, AND THEIR FAMILIES**</u>

7      65.    Because of the action of Defendants and fiduciaries Bradshaw, Gregg,

8  Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini,

9  Smith and Thompson, and each of them, the Participants employed by AFI and

10  beneficiaries are not being credited with Health Care Plan contributions tendered by

11  AFI for work performed after October 31, 2023.

12      66.    The Health Care Plan has notified Plaintiff and the Participants employed

13  by AFI that Health Care Plan coverage ended on October 31, 2023 due to the fact that

14  AFI is no longer signatory to the Carpenters Union CBA.

15      67.    Contrary to the terms and provisions of the Health Care Plan, Garcia, all

16  Class Members, the Participants, and beneficiaries are being denied health insurance

17  benefits.

18      68.    The loss of health insurance coverage on and after October 31, 2023

19  because the Health Care Plan is improperly refusing to accept and credit AFI's fringe

20  benefit contributions does not trigger eligibility to purchase COBRA continuation

21  benefits.  29 U.S.C. §§ 1161, *et seq*.

22      69.    Due to the Health Care Plan's improper refusal to accept and credit AFI's

23  fringe benefit contributions as required by Section 515 of ERISA and the Health Care

24  Plan, approximately 29 employee/Participants and their families will lose health care

25  coverage as of October 31, 2023.

26      70.    Due to the Health Care Plan's improper refusal to accept and credit AFI's

27  fringe benefit contributions as required by Section 515 of ERISA and the Health Care

28  Plan, approximately 33 employees/Participants/Class Members have terminated their

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

employment with AFI because of their concern regarding the imminent and actual loss of health care coverage.

## CLASS ACTION ALLEGATIONS

71.     29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plans to bring an action individually on behalf of the Plans to recover for the Plans the remedies provided by 29 U.S.C. § 1109(a).

72.     Plaintiff brings this action on behalf of himself and a proposed Class representative under Fed. R. Civ. P. 23(b)(1) and (b)(3), defined as follows:

All participants and beneficiaries of the Plans that were employed in the Carpenter bargaining unit, on and after October 31, 2023.  The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants; (3) persons who properly execute and file a timely request for exclusion from the Class; and (4) Plaintiff's counsel and Defendant's counsel.

73.     Plaintiff reserves the right to propose other or additional classes or subclasses in their motion for class certification or subsequent pleadings in this action.

77.     <u>Numerosity:</u> The Class is so numerous that joinder of all Class members is impracticable.  The Class includes approximately 62 Participants.

78.     <u>Typicality:</u> Plaintiff's claims are typical of the Class members' claims. Like other Class members, Plaintiff participated in the Plans and has and will continue to suffer injuries as a result of Defendants' fiduciary breaches.  Defendants treated Plaintiff consistently with other Class members with regard to the Plans, including the Health Care Plan and Defendants' fiduciary breaches harmed all participants, including Plaintiff, in identical ways.

79.     <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with the Class that he seeks to represent, and he has retained counsel experienced complex class action litigation.  Plaintiff does not

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

have any conflicts of interest with any Class members that would impair or impede his ability to represent such Class members.

80.     <u>Commonality</u>: Common questions of law and fact exist as to all Class members, and predominate over any questions solely affecting individual Class members, including but not limited to:

> (a)     Whether Defendants are fiduciaries of the Plans, including the Health Care Plan;
>
> (b)     Whether Defendants breached their fiduciary duties by engaging in the conduct described herein;
>
> (c)     Whether the Plans failed to follow its terms and provisions.
>
> (d)     Whether Defendants caused injuries.
>
> (e)     The proper form of equitable and injunctive relief; and
>
> (f)     The proper measure of relief.

81.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions against Defendants would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

82.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(1)(B) because adjudications with respect to individual Class members, as a practical matter, would be dispositive of the interests of other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

83.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' conduct as described in this Complaint applied uniformly to all members of the Class.  Class members do not have an interest in pursuing separate

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

actions against Defendants, as the amount of each Class member's individual claims is relatively small compared to the expense and burden of individual prosecution, and Plaintiff are unaware of any similar claims brought against Defendants by any Class members on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

## FIRST CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(2)

84.    The allegations of paragraphs 1 through 83 of this Complaint are incorporated by reference herein.

85.    Plaintiff and the carpenters working in the jurisdiction of Carpenters Union and performing work described in the expired CBAs are Participants in the Plans, including the Health Care Plan.

86.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties and did not discharge their duties with respect to the plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries under the Plans by now allowing the Plans to accept and credit contributions for work performed after October 31, 2023 and tendered by AFI.

87.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties and did not discharge their duties on behalf of the Plans with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

with such matters would use in the conduct of an enterprise of a like character and with like aims by not allowing the Plans, including the Health Care Plan to accept and credit contributions, for work performed after October 31, 2023, tendered by AFI.

88.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties and did not discharge their duties on behalf of the Plans, including the Health Care Plan in accordance with the documents and instruments governing the Plans insofar as such documents and instruments are consistent with the provisions of ERISA by not allowing the Plans, including the Health Care Plan to accept and credit contributions, for work performed after October 31, 2023, tendered by AFI.

89.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties and did not discharge their duties on behalf of the Plans, including the Health Care Plan in accordance with the documents and instruments governing the Plans insofar as such documents and instruments are consistent with the provisions of ERISA, by not allowing the Health Care Plan to accept and credit contributions for work performed after October 31, 2023 and tendered by AFI.

90.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties acting in the interests of the Union on Plan matters.

91.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties by acting in the interests of the Union on Plan matters by not allowing the Plans, including the Health Care Plan

to accept and credit contributions for work performed after October 31, 2023 received from AFI.

92.    Defendants and fiduciaries Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, violated their respective fiduciary duties, breaching the duty of loyalty and obligation to administer the Plans, including the Health Care Plan for the exclusive benefit of the participants and beneficiaries by placing the interests of the Union above the interests of the participants and beneficiaries.

**SECOND CLAIM FOR RELIEF**

**RESTORATION OF THE LOSS OF INSURANCE BY PLAINTIFF, THE
PARTICIPANTS AND THEIR FAMILIES UNDER 29 U.S.C. § 1132(A)(3)**

93.    The allegations of paragraphs 1 through 92 of this Complaint are incorporated by reference herein.

94.    The Plans, including the Health Care Plan were obligated by ERISA to follow its own terms and provisions in applying the Plans to Participants employed by AFI.

95.    The Plans were obligated by its own terms and provisions to accept and credit contributions from Contributing Employers.

96.    The Plans, prior to June 30, 2023, treated all similarly situated Participants equally.

97.    The Plans have unlawfully discriminated against Plaintiff and other Participants by refusing and/or failing to accept and credit contributions for a Participant who performed work for AFI.

98.    The Plans have unlawfully discriminated against Plaintiff and other Participants by terminating benefits, including health insurance coverage effective October 31, 2023.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

CLASS ACTION COMPLAINT

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

99.     The Health Care Plan has unlawfully discriminated against Plaintiff and other Participants by requiring them to use their hours bank and once that is depleted, purchase health insurance coverage.

100.    The Health Care Plan violated ERISA by requiring Plaintiff and the Participants to purchase their health insurance coverage when they had not had a termination of employment or experienced loss of eligibility due to shortage of hours.

101.    The Health Care Plan violated ERISA by refusing to allow Plaintiff and the Participants use of their health insurance hours bank.

102.    The Plans violated ERISA by acting in the interests of the Union on Plan matters.

103.    Plaintiff and the other Participants employed by AFI are being harmed and injured by the Plans' failure to follow its own terms and provisions, unlawful discrimination, and:

    (a)     Refusal to accept and credit contributions tendered by AFI;

    (b)     Refusal to provide health care coverage to Plaintiff and Participants;

    (c)     Refusal to provide fringe benefits to Plaintiff and Participants;

    (d)     The loss of health care benefits on and after October 31, 2023 because they performed work for AFI;

    (e)     Being forced to purchase health care insurance;

    (f)     Allowing delegation to the Union of the power to determine eligibility for health care and benefits coverage; and

    (g)     Unless injunctive relief is granted, suffering the loss of health care benefits upon exhaustion of the hours bank.

### THIRD CLAIM FOR RELIEF

### LIABIITY UNDER 29 U.S.C. § 1105 (CO-FIDUCIARY LIABILITY)

104.    The allegations of paragraphs 1 through 103 of this Complaint are incorporated by reference herein.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

105.   An ERISA fiduciary is liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan when (1) the fiduciary "participated knowingly in, or knowingly undertakes to conceal, an act or omission" of his co-fiduciary, "knowing such act or omission is a breach"; (2) if, by his failure to comply with the general fiduciary standards in 29 U.S.C. §1104(a)(1) in the administration of the plan, he enabled such the co-fiduciary to commit a breach; or (3) he knew of his co-fiduciary's breach but took no "reasonable efforts" to remedy the breach.   29 U.S.C. § 1105.

106.   To the extent any co-fiduciary of Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson caused all of the refusal to accept AFI's contributions, Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson incurred liability under 29 U.S.C. §1105.

107.   As a result, Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson are personally liable under 29 U.S.C. § 1109(a) to make good all the losses suffered by the Plans, Garcia and the Participants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, and the Health Care Plan, ruling that:

(a)    this action is certified as a class action, Plaintiff is appointed as class representative, and Husch Blackwell LLP is appointed as class counsel;

(b)    the Health Care Plan be directed to provide health care insurance to Plaintiff and the other Participants/Class members to be effective November 1, 2023;

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

(c)    The Plans be directed to provide fringe benefits to Plaintiff and the other Participants/Class members to be effective November 1, 2023;

(d)    Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, breached their respective fiduciary duties to Plaintiff, the Participants and beneficiaries of the Plans;

(e)    remove Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, as trustees of the Plans.

(f)    the votes of Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, to not allow the Plans, including the Health Care Plan to accept and credit contributions, received from AFI, for work performed after October 31, 2023 to be null and void;

(g)    Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, be ordered to support or not oppose a motion to allow the Plans, including the Health Care Plan to accept and credit contributions to the Plans, received from AFI, for work performed after October 31, 2023;

(h)    the Plans be directed to replenish the hours banks of Plaintiff and the other Participants to the level which existed on October 31, 2023;

(i)    Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and each of them, be directed to personally reimburse the Plans for any losses resulting from their breaches;

(j)    Defendants Bradshaw, Gregg, Luna, Adiarte, Hebard, Nuncio, Gable, Alten, Brinkerhoff, Dolly, Jenco, Mencarini, Smith and Thompson, and

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650

each of them, be directed to personally reimburse Plaintiff, the Participants, and beneficiaries of the Plans for any losses resulting from the breaches which are not reimbursed by the Plans;

(k)    temporary, preliminary, and final injunctive relief is issued:

(1) enjoining the Defendants from deviating from the terms of the Plans, including the Health Care Plan;

(2) enjoining the Defendants from causing Plaintiff and Participants to lose health care coverage;

(3) enjoining the Defendants from causing Plaintiff and Participants to lose fringe benefits;

(4) enjoining the Defendants from discriminating against Plaintiff and Participants;

(5) enjoining the Defendants from denying health care coverage to Plaintiff and Participants;

(6) enjoining the Defendants from causing Plaintiff and Participants to purchase insurance or lose health care coverage;

(7) enjoining the Defendants from denying fringe benefits to Plaintiff and Participants;

(8) requiring the Plans to accept and credit contributions from AFI for Plaintiff and the Participants;

(9) reinstating in full the health care hours credit banks of Plaintiff and the Participants for the hours bank credits used due to the failure of the Health Care Plan to accept and credit contributions from AFI;

(l)    an order for appropriate relief to enjoin the acts and practices of Defendants alleged herein that violate ERISA;

(m)    award such other equitable or remedial relief as the court may deem appropriate, including removal of the Defendants as fiduciaries; and

(n)    award attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

CLASS ACTION COMPLAINT

Dated:  May 21, 2024

Respectfully submitted,

HUSCH BLACKWELL LLP


By:                    */s/Tyler Paetkau*
                    Tyler M. Paetkau
                    Kathy Hyunh

Attorneys for Plaintiffs
JUAN GARCIA, individually and on behalf of
all others similarly situated

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 1300, OAKLAND, CA 94612
(510) 768-0650