UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAY BRADSHAW, et al.,<br><br>    Defendants. | Case No. 24-cv-03068-JSC<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFF RE: STANDING**<br><br>Re: Dkt. No. 59 |

Plaintiff Juan Garcia alleges the defendant trust funds and trustees (collectively "Defendants") violated ERISA by failing to accept trust fund contributions from his employer, AFI, after October 2023. (Dkt. No. 1 ¶¶ 69-70.) Defendants move to dismiss the claims on the grounds that, among other things, Plaintiff lacks Article III standing. (Dkt. No. 59 at 15-18.)[1]

Standing is a matter of a federal court's subject matter jurisdiction. *Renee v. Duncan,* 686 F.3d 1002, 1012 (9th Cir. 2012). To demonstrate Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up). The plaintiff "bears the burden of establishing these elements." *Id*. When, "a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Id.* (cleaned up).

Federal Rules of Civil Procedure 12(b)(1) permits a party to assert a defense of lack of subject matter jurisdiction. A jurisdictional attack may be factual or facial. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack "asserts that the allegations contained in a complaint

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). But on a factual attack, a defendant presents extrinsic evidence, so "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. "When the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (citations omitted).

In their motion to dismiss, Defendants make a facial attack on Plaintiff's standing to make claims regarding trust funds other than the health care plan. (Dkt. 59 at 15-16.) They point out Plaintiff alleges nothing about how their refusal to accept contributions for these other funds has injured Plaintiff. (*Id.*) Plaintiff's opposition, however, completely ignores the issue. As it is Plaintiff's burden to demonstrate Article III standing, Plaintiff is ordered to show cause how he has standing to bring claims regarding these other funds.[2]

For the health plan-related claims, Defendants make a *factual* attack asserting that any injury to Plaintiff is not fairly traceable to Defendants given the relevant collective bargaining agreement and the health plan show Plaintiff is eligible for health care plan benefits only if his employer is required by the collective bargaining agreement to make contributions to the plan. (Dkt. Nos. 59 at 8; 59-2 at 10 § 9; 59-4 § 47.) And the employer' contributions to the health care plan are as specified in the collective bargaining agreement. (Dkt. No. 59-2 at 11 § 7.) Plaintiff alleges the collective bargaining agreement expired (Dkt. No. 1 at ¶ 28), but that his employer's obligation to make payments continues after expiration until a lawful impasse occurs. (Dkt. No. 1 at ¶ 56 ("Section 47 of the CBA specifies that the…contribution obligations continue after the

---

[2] A dismissal for lack of subject matter jurisdiction, including lack of standing, is *without* prejudice, *see, e.g., Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017), not *with* prejudice as Defendants contend. (Dkt. No. 70 at 3.)

1   termination date of the Agreement unless and until a lawful impasse occurs[]"; Dkt. No. 59-4 §
2   47.)  So, as Plaintiff's opposition reveals, this Court's ability to grant Plaintiff the relief he seeks
3   turns on this Court having the jurisdiction to decide that the union did not declare a lawful
4   impasse.  (Dkt. 64 at 7 ("Defendants, and each of them, had and continue to have a fiduciary duty
5   to Plaintiff and the Plan Participants to continue to accept AFI's contributions unless and until AFI
6   and the Union reached a lawful impasse and the Union properly disclaimed interest in representing
7   AFI's employees."); *id.* at 11 ("Due to the improper and unlawful nature of the Union's attempt to
8   disclaim interest, no impasse was reached, and Defendant Trustees remain obligated to accept and
9   credit AFI's contributions.").)  Indeed, Plaintiff spends most of his opposition addressing the issue
10  of whether there was a lawful impasse between AFI and the Union.  (*Id.* at 7, 11, 16-20.)

11         But, according to evidence Plaintiff attaches to his opposition, the employer previously
12  filed a charge with the National Labor Relations Board (NLRB) complaining the Union had
13  prematurely declared impasse and unlawfully refused to accept employee contributions.  (Dkt. No.
14  65-9 at 2-3.)  The NLRB dismissed these charges and determined "[t]he Union lawfully
15  disclaimed interest as the representative of employees on August 30, 2023."  (*Id.* at 3.)  While the
16  employer has the right to appeal the dismissal to the NLRB's General Counsel, Plaintiff's
17  opposition does not address how this Court has jurisdiction to determine the Union did not
18  lawfully disclaim representing the employees while that very same issue is pending before the
19  NLRB.  *See United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus.,*
20  *Steamfitters & Refrigeration Union, Loc. 342, AFL-CIO v. Valley Engineers*, 975 F.2d 611, 613
21  (9th Cir. 1992) ("In the areas of the NLRB's primary jurisdiction, the district courts must tread
22  lightly. … Representational issues fall within the NLRB's primary jurisdiction.") (citing *Local 3-*
23  *193 v. Ketchikan Pulp Co.*, 611 F.2d 1295, 1298 (9th Cir. 1980)).  And it also does not address
24  how this Court could make a decision contrary to that of the NLRB, especially given that neither
25  the employer nor the union are parties to this action.

26         Plaintiff shall respond to this Order to Show Cause by October 30, 2024.  In lieu of filing a
27  response, Plaintiff may file an amended complaint by that same date, provided Plaintiff has a good
28  faith basis for alleging this Court has jurisdiction to decide the claims.   Defendants may respond

3

1  to Plaintiff's order to show cause response, if any, by November 7, 2024.  In the meantime, the
2  hearing and case management conference scheduled for October 30, 2024 are VACATED to be
3  rescheduled as needed.
4      This Order disposes of Docket No. 59.
5      **IT IS SO ORDERED.**
6  Dated: October 18, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge