UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAY BRADSHAW, et al.,<br><br>    Defendants. | Case No. 24-cv-03068-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 82 |

Juan Garcia brings a putative class action complaining the defendant union trust funds refuse to accept payments from his employer, Accurate Firestop Inc. ("AFI"), made pursuant to an expired collective bargaining agreement ("CBA"). (Dkt. No. 75-4.)[1] Now pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 82.) After carefully considering the parties' written submissions, and having had the benefit of oral argument on February 20, 2025, the Court GRANTS Defendants' motion to dismiss without leave to amend, but also without prejudice. As Plaintiff's claims depend on the Court deciding the union represents AFI's employees, and the National Labor Relations Board ("NLRB") ruled the union does not, the Court must decline to exercise jurisdiction over this representation dispute.

**FAC ALLEGATIONS**

Plaintiff is an AFI employee and a member of the Carpenters 46 Northern California Counties Conference Board (the "Union"). (Dkt. No. 75-4 ¶ 34.) The Union "acts as the collective bargaining representative in the negotiation and administration of collective bargaining agreements and fringe benefit issues in connection with carpenters in the bargaining unit." (*Id.* ¶

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

37.) The Union and AFI's latest CBA expired on June 30, 2023. (*Id.* ¶ 36.) The "Union is refusing to negotiate a successor CBA with AFI and has unlawfully instructed Garcia and other carpenters employed by AFI not to work for AFI, and to resign their employment with AFI to accept employment with other contractors who have existing CBAs with [the Union]." (*Id.* ¶ 41.)

"Section 47 of the CBA specifies that the Agreement and contribution obligations continue after the termination date of the Agreement unless and until a lawful impasse occurs or until a successor CBA is negotiated." (*Id.* ¶ 73.) As of the FAC's filing, the "Union is refusing to negotiate a successor CBA," and "[a] lawful impasse has not been reached." (*Id.* ¶ 41, 45.)

After the CBA expired, "AFI has timely made contributions to the Plans," but "[t]he Plans, including the Health Plan refuses to accept and credit AFI's fringe benefit contributions." (*Id.* ¶¶ 71-72.) Specifically, the Plan "refuses to accept and credit all contributions tendered by AFI on behalf of Plaintiff and the Participants for periods after October 31, 2023." (*Id.* ¶ 78.) "The Health Care Plan has notified Plaintiff and the Participants employed by AFI that Health Care Plan coverage ended on October 31, 2023 due to the fact that AFI is no longer signatory to the Carpenters Union CBA." (*Id.* ¶ 83.)

**NLRB Proceedings**

On June 26, 2023, days before the CBA expired, the Union informed AFI that the parties were at an impasse. (Dkt. No. 59-6.)[2] AFI disagreed. (Dkt. No. 65-2.)[3] Two months later, AFI filed charges with the NLRB alleging the Union "violated Section 8(b)(1)(A) of the Act as to employees of [AFI], by unilaterally refusing to accept AFI's contributions, made on behalf of

---

[2] Defendants make a factual attack on jurisdiction and attach correspondence between AFI and the Union as well as NLRB official documents. On a factual attack, a defendant presents extrinsic evidence, so "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Further, the NLRB documents are properly subject to judicial notice as no party contests their authenticity. *See United States v. Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of ... the 'records and reports of administrative bodies.'").

[3] "When the defendant raises a factual attack, the plaintiff must support [his] jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). Plaintiff attaches the same exhibits as Defendants, though he adds more NLRB documents not attached by Defendants. As explained in the above footnote, judicial notice is also appropriate.

employees, to the employee benefits trust fund." (Dkt. No. 65-3 at 3.) AFI also filed a separate charge with the NLRB alleging the Union prematurely declared an impasse and refused to negotiate in good faith. (Dkt. No. 65-9.) Shortly thereafter, the Union relinquished all interest in representing AFI employees. (Dkt. No. 59-8.)

The NLRB Regional Director investigated AFI's claims and on August 22, 2024, reached the following decision regarding unlawful impasse:

> **Conditional Decision to Dismiss 32-CB-321098**: Based on that investigation, it appears that your charge alleging that the Union violated Section 8(b)(3) by prematurely declaring impasse and failing to bargain in good faith with the Employer has merit. However, I have conditionally decided to dismiss your charge(s) 6 months from today because there have not been any meritorious charges against Carpenters 46 Northern California Counties Conference Board within the past several years, because the alleged conduct is not on-going, and because the Union's trust fund ultimately accepted the Employer's contributions. Accordingly, there is no ongoing unlawful effect on an employee's terms and conditions of employment nor other accompanying violations which require a Board remedy.

(Dkt. No. 65-9 at 2.) In other words, while the Regional Director found the Union had prematurely declared impasse and refused to accept contributions, the trust fund ultimately did accept AFI's contributions.

The Director also made the following decision regarding AFI's section 8(b)(1)(A) claim:

> **Decision to Dismiss 32-CB-324822:** Based on our investigation, I have also decided to dismiss this charge. Your charge alleges that the Union violated Section 8(b)(1)(A) by unilaterally refusing to accept the Employer's contributions, made on behalf of employees, to the trust fund and by purposefully providing employees with misleading/inaccurate information. As mentioned above, the investigation disclosed that the trust fund ultimately accepted the Employer's contributions for the period of June 30 to August 30, 2023. ***The Union lawfully disclaimed interest as the representative of employees on August 30, 2023.*** Under these circumstances, I have determined that it would not effectuate the purposes of the Act to proceed further with this case. Given the isolated nature of this incident and the trust fund payments were ultimately received, I am dismissing this allegation as it would not further effectuate the purposes of the Act to issue complaint in these circumstances.

(*Id.* at 3 (emphasis added).) So, the Director decided that as of August 30, 2023, the Union no longer represented AFI's employees. Appeals to the NLRB General Counsel were due on September 5, 2024. (*Id.*) On November 5, 2024, the Director dismissed new charges filed by AFI

3

1  (which essentially realleged the previous charges) because AFI's appeal to the NLRB General
2  Counsel was still pending. (Dkt. No. 82-14.) One month later, the NLRB General Counsel denied
3  AFI's appeal. (Dkt. No. 82-15.)

**PROCEDURAL HISTORY**

Defendants moved to dismiss Plaintiff's original complaint for lack of Article III standing and failure to state a claim. (Dkt. No. 59.) Upon review of the parties' briefs, the Court issued an Order to Show Cause to Plaintiff. (Dkt. No. 74.) First, the Court observed that although Defendants attacked Plaintiff's Article III standing, Plaintiff's opposition inexplicably ignored the issue; so, the Court gave Plaintiff another opportunity to respond to Defendants' argument. (*Id.* at 2.) Second, the Court noted Plaintiff's claims are premised on his assertion that the Union did not lawfully disclaim representation of AFI's employees, even though the NLRB specifically determined that it had. (*Id.* at 3.) So, the Court directed Plaintiff to address how the Court could rule–contrary to the NLRB's determination—that there was not a lawful disclaimer, especially when neither AFI nor the Union—the parties to the expired CBA—are parties to this action.

Plaintiff responded with a proposed FAC (Dkt. No. 75-4), which Defendants subsequently moved to dismiss. (Dkt. No. 82.) The Court deems the FAC filed and considers Defendants' motion to dismiss based on the FAC allegations.

**DISCUSSION**

As Plaintiff confirmed at oral argument, to succeed on any of his claims and obtain an order from this Court directing the Trust Funds to accept AFI's benefit payments, the Court must rule that AFI and the Union are not at impasse. (*See* Dkt. No. 75-4 ¶ 43 (alleging the Trustees have a duty to accept AFI's contributions "absent a valid and lawful impasse"); *id.* ¶ 44 (alleging under ERISA "the duty to contribute continues **as long as no impasse has been reached**") (emphasis in original).) But to rule the Union and AFI are not at impasse, the Court must first hold the Union presently represents AFI's workers. If the Union does not represent AFI's employees, then Defendants cannot accept benefits payments from AFI and the ERISA claims fail. *See* 29 U.S.C. § 186(a) (prohibiting payments from employers to unions or their representatives in the absence of a CBA requiring payments).

4

This Court cannot rule the Union currently represents AFI's employees. Instead, the Court must defer to the NLRB:

> The NLRB has exclusive jurisdiction over some labor law questions and primary jurisdiction over others. In the areas of the NLRB's primary jurisdiction, the district courts must tread lightly. The doctrine of primary jurisdiction is a recognition of congressional intent to have matters of national labor policy decided in the first instance by the National Labor Relations Board.
>
> Representational issues fall within the NLRB's primary jurisdiction. Thus we have recognized repeatedly that courts must refuse to exercise jurisdiction over claims involving representational issues. This deference is rooted in both the superior expertise of the Board, and the incompatibility of the orderly function of the process of judicial review with initial district court consideration of representational issues. . . .
>
> Thus the court should look at whether the major issues to be decided ... can be characterized as primarily representational or primarily contractual. Where the interpretation of the contract depends entirely on the resolution of the question of whom the union represents, the matter is properly left to the Board.

*United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Steamfitters & Refrigeration Union, Loc. 342, AFL-CIO v. Valley Eng'rs*, 975 F.2d 611, 613-14 (9th Cir. 1992), as amended (Oct. 16, 1992) (cleaned up).

Here, the major issue to be decided is not just primarily representational—it is entirely representational. There is no contractual dispute; instead, the dispute depends on whether the Union represents AFI's employees. If the Union does not, it has no obligation to negotiate with AFI and Defendants cannot accept AFI's contributions for hours worked by AFI employees. So, "the matter is properly left to the [NLRB]." *Id.* at 614. And, in fact, the NLRB has ruled the Union properly disclaimed representation of AFI's employees and does not represent them. (Dkt. No. 65-9 at 3.) So, there is nothing for the Court to decide. *See Valley Eng'rs*, 975 F.2d at 615 (holding that because the NLRB had resolved the representational issue between the parties, there was "nothing for the court to do").

Plaintiff's cited cases are not to the contrary. *Alaska Trowel Trades Pension Fund v. Lopshire*, 103 F.3d 881 (9th Cir. 1996) involved an employer who made payments to a union, hired union labor, reported hours worked to trust funds, made payments to the trust funds on

5

behalf of the union labor, but underreported hours worked. *Id.* at 882. The employer argued it had repudiated the governing agreement and so had no obligation to make any payments. *Id.* But the court disagreed, holding the employer's continued use of union labor and continued contributions to the trust funds equitably estopped the employer from denying his obligation to make contributions pursuant to the repudiated agreement. *Id.* at 884. The circumstances here are entirely different: an employer seeks to require union trust funds to accept payments on behalf of employees ***the NLRB has held the union does not represent***.

Plaintiff's reliance on an out-of-circuit vacated district court case, *Furwa v. Operating Eng'rs Loc. 324 Health Care Plan*, 354 F. Supp. 3d 775 (E.D. Mich. 2018),[4] is equally unavailing. The *Furwa* court did not consider whether the case turned on a representational question and, importantly, the NLRB had not determined the union did not represent the employees. In any event, Ninth Circuit law dictates this Court decline to exercise jurisdiction when, as here, the claims require the Court determine representational disputes already decided by the NLRB. *See Valley Eng'rs*, 975 F.2d at 613-15.

## CONCLUSION

As Plaintiff's ERISA claims depend entirely on proving the Union continues to represent AFI employees, and the NLRB has already decided the Union properly disclaimed representation and does not represent AFI employees, this Court must decline to exercise jurisdiction. So, the action is DISMISSED without prejudice. As the record reflects that no amendment could cure the jurisdictional barrier, the dismissal is also without leave to amend.

This Order disposes of Docket No. 82.

**IT IS SO ORDERED.**

Dated: March 31, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[4] The decision in *Furwa* was vacated pursuant to stipulation. *Gibbs v. Stockwell*, 18-cv-12392, 2019 WL 6519976, at *1 (E.D. Mich. Aug. 23, 2019).